KAMALA D. HARRIS
Attorney General of California
ANNE MICHELLE BURR
Supervising Deputy Attorney General
MARGUERITE C. STRICKLIN
Deputy Attorney General
State Bar No. 103161
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA 94612-0550
  Telephone: (510) 622-2146
  Fax: (510) 622-2270
  E-mail: Marguerite.Stricklin@doj.ca.gov

*Attorneys for Creditor*
*Franchise Tax Board*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| IN RE,<br><br>MARGARET GOLDBERG-O'REILLY,<br><br>                              **Debtor.** | CASE NO. 15-10722-AJ<br><br>Chapter 7 |
| TIMOTHY W. HOFFMAN, Trustee in Bankruptcy of the Estate of Margaret Goldberg-O'Reilly<br><br>                              **Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, *ET AL*,<br><br>                            **Defendants.** | Adversary No. 16-01019<br><br>**ANSWER OF DEFENDANT CALIFORNIA FRANCHISE TAX BOARD TO TRUSTEE'S COMPLAINT TO DETERMINE VALIDITY, PRIORITY AND EXTENT OF LIENS AND INTERESTS** |

    Defendant California Franchise Tax Board (the "FTB"), answers the Trustee's Complaint To Determine Validity, Priority, and Extent of Liens and Interests (the "Complaint") filed by the plaintiff herein, Timothy W. Hoffman, as Chapter 7 Trustee for the bankruptcy estate of the debtor, Margaret Goldberg-O'Reilly (the "Debtor") by admitting, denying, and alleging as follows:

1

1. The FTB admits the allegations contained in paragraph 1 of the Complaint that this is an action for declaratory relief and related remedies pursuant to 11 U.S. C. § 506. Except as expressly admitted, the FTB denies generally and specifically, each and every remaining allegation contained in that paragraph.

2. The FTB admits the allegations contained in paragraphs 2 and 3 of the Complaint.

## JURISDICTION AND VENUE

3. The FTB admits the allegations contained in the paragraphs 4 and 5 set forth on page 2, lines 16 through 22 of the Complaint.

4. Answering the paragraph 6 on page 2, lines 23 through 25 of the Complaint, the FTB admits the allegation that this is a core proceeding and that this court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. To the extent, however, that the bankruptcy judge is not entitled to enter final orders or judgment under the analysis contained in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the FTB does not consent to entry of final orders or judgment by the bankruptcy judge. Thus, except as expressly admitted herein, the FTB denies, generally and specifically, each and every remaining allegation contained in this paragraph 6 of the Complaint and does not consent to the entry of final orders or judgment by the bankruptcy judge.

## PARTIES

5. The FTB admits the allegations contained in the paragraph 4 on page 3, lines 1 through 3 of the Complaint.

6. Answering the paragraphs 5 and 6 on page 3, lines 4 through 10 of the Complaint, the FTB lacks sufficient information or belief to enable it to answer the allegations contained therein and, making its denial on that ground, denies, generally and specifically, each and every allegation contained in those paragraphs.

7. The FTB lacks sufficient information or belief to enable it to answer the allegations contained in paragraphs 7 and 8 of the Complaint and, making its denial on that ground, denies, generally and specifically, each and every allegation contained in those paragraphs.

//

//

2

FTB'S ANSWER TO TRUSTEE'S COMPLAINT RE LIENS & INTERESTS (Adv. No. 16-01019)
Case: 16-01019   Doc# 10   Filed: 04/27/16   Entered: 04/27/16 16:45:36   Page 2 of 5

## FIRST CLAIM FOR RELIEF

8. With respect to the allegations set forth in paragraph 9 of the Complaint, the FTB repeats and re-alleges its responses to paragraphs 1 through 6 set forth on page 1, line 26, through page 2, line 25, and the paragraphs 4 through 8 set forth on page 3, lines 1 through 17 as if these responses are fully set forth in this paragraph.

9. The FTB admits the allegations contained in paragraph 10 of the Complaint.

10. The FTB lacks sufficient information or belief to enable it to answer the allegations contained in paragraphs 11 and 12 of the Complaint and, making its denial on that ground, denies, generally and specifically, each and every allegation contained in those paragraphs.

11. The FTB denies, generally and specifically, each and every allegation contained in paragraph 13 of the Complaint.

12. Answering paragraph 14 of the Complaint, the FTB admits that all of the interest of the Debtor has vested with the Estate. Except as expressly admitted, the FTB denies, generally and specifically, each and every remaining allegation contained in that paragraph.

13. Answering paragraph 15, subdivision (a) of the Complaint, the FTB specifically denies that it has an interest in the Sales Proceeds based upon its lien set forth as Item 9 on Exhibit 1 to the Complaint because such lien was released and is no longer in effect. The FTB further alleges that it has an interest in the Sales Proceeds based upon the three Notices of State Tax Lien recorded in Sonoma County and described in the FTB's Affirmative Allegations set forth below. Except as specifically denied and alleged, the FTB lacks sufficient information or belief to enable it to answer the remaining allegations contained in paragraph 15 and, making its denial on that ground, denies, generally and specifically, each and every remaining allegation contained in that paragraph.

14. Answering paragraph 16, subdivision (a) of the Complaint, the FTB specifically denies that it has an interest in the Sales Proceeds based upon its lien set forth as Item 9 on Exhibit 1 of the Complaint because such lien was released and is no longer in effect. The FTB further alleges that it has an interest in the Sales Proceeds based upon the three Notices of State Tax Lien

3

FTB'S ANSWER TO TRUSTEE'S COMPLAINT RE LIENS & INTERESTS (Adv. No. 16-01019)
Case: 16-01019    Doc# 10    Filed: 04/27/16    Entered: 04/27/16 16:45:36    Page 3 of 5

recorded in Sonoma County and described in the FTB's Affirmative Allegations set forth below. Except as specifically denied and alleged, the FTB lacks sufficient information or belief to enable it to answer the remaining allegations contained in paragraph 16 and, making its denial on that ground, denies, generally and specifically, each and every remaining allegation contained in that paragraph.

15. The FTB lacks sufficient information or belief to enable it to answer the allegations contained in paragraph 17 of the Complaint and, making its denial on that ground, denies, generally and specifically, each and every allegation contained in that paragraph.

16. Answering paragraph 18 of the Complaint, the FTB admits that an actual controversy has arisen as to the distribution of the proceeds. Except as expressly admitted, the FTB denies, generally and specifically, each and every remaining allegation contained in that paragraph.

17. Answering paragraph 19 of the Complaint, the FTB admits that it disputes the validity, priority, and extent of liens against the Sales Proceeds. FTB further alleges that it has an interest in the Sales Proceeds based upon the three Notices of State Tax Lien recorded in Sonoma County and described in the FTB's Affirmative Allegations set forth below. Except as specifically admitted and alleged, the FTB lacks sufficient information or belief to enable it to answer the remaining allegations contained in paragraph 19 and, making its denial on that ground, denies, generally and specifically, each and every remaining allegation contained in that paragraph.

18. The FTB admits the allegations contained in paragraph 20 of the Complaint.

## AFFIRMATIVE ALLEGATIONS

19. The FTB affirmatively alleges that it has an interest in the Sales Proceeds based upon the following three Notices of State Tax Liens recorded in Sonoma County:

    a. Lien Certificate No. 08253645274, recorded on or about September 17, 2008 as instrument No. 2008-083715, securing the unpaid income taxes for the 1998 tax year.

    b. Lien Certificate No. 10355394736, recorded on or about December 29, 2010 as instrument No. 2010-118709, securing the unpaid income taxes for the 2000, 2001 and 2002 tax years.

4

FTB'S ANSWER TO TRUSTEE'S COMPLAINT RE LIENS & INTERESTS (Adv. No. 16-01019)
Case: 16-01019   Doc# 10   Filed: 04/27/16   Entered: 04/27/16 16:45:36   Page 4 of 5

c. Lien Certificate No. 11116669885, recorded on or about May 6, 2011 as Instrument No. 2011-040252, securing the unpaid income taxes for the 1997 tax year.

WHEREFORE, defendant the FTB prays that the Court:

A. Determine the validity, priority, and extent of the FTB's liens and interest against the Sale Proceeds.

B. Grant to the FTB such other and further relief that may be just and proper; and

C. Award the FTB its costs of suit.

Dated: April 27, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ANNE MICHELLE BURR
Supervising Deputy Attorney General

MARGUERITE C. STRICKLIN
Deputy Attorney General

*Attorneys for Creditor*
*Franchise Tax Board*

OK2016900056
FTB's Answer

5