Entered on Docket
September 20, 2016
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MARGARET GOLDBERG-O'REILLY,  No. 15-10722

                  Debtor(s).
_____/

TIMOTHY HOFFMAN, Trustee,

                  Plaintiff(s),

    v.  A.P. No. 16-1019

UNITED STATES OF AMERICA, et al.,

                  Defendant(s).
_____/

Memorandum on Motions for Summary Judgment
_____

      In February, with the court's permission, plaintiff and Chapter 7 Trustee Timothy Hoffman sold debtor and defendant Margaret Goldberg-O'Reilly's real property located at 350 Linden Street, in Sonoma, California for $455,000, free and clear of liens. The property had been owned by Goldberg-O'Reilly and her former spouse while they were married.  The sale order provided that the junior liens attached to the sales proceeds.

      After satisfying the senior deed of trust and all fees and expenses related to the sale, the

1

bankruptcy estate received the net sum of $225,927.82. The junior liens include $10,000 to a family law firm and liens held by the Internal Revenue Service and the California Franchise Tax Board for income taxes incurred by Goldberg-O'Reilly's husband in 1997, 1998, 2000, 2001, and 2002, while he and Goldberg-O'Reilly were married. Goldberg-O'Reilly's husband filed returns for those years indicating he was married and filing separately. Goldberg-O'Reilly did not file returns for those years at all until just recently.

Hoffman filed this adversary proceeding to determine how to distribute the sale proceeds. The IRS and Hoffman each filed a motion for summary judgment setting forth proposed distribution plans, and are in essential agreement. At the hearing on September 9, 2016, all parties agreed that Goldberg-O'Reilly's ex-husband's share of the sale proceeds should be distributed according to the plan proposed by Hoffman, with the exception of $5,000 possibly due to the family law firm. Goldberg-O'Reilly opposed both distribution plans as to her share of the proceeds.

Goldberg-O'Reilly disputes that she owes any money to the IRS or FTB because she did not personally earn any income for the years reflected by the agencies' claims. She further argues that the tax liens of the IRS have expired. For these reasons, Goldberg-O'Reilly contends that the tax liens are invalid and there is equity which she may claim exempt.

Goldberg-O'Reilly has not created a triable issue of fact. Her only evidence is that she had no income during the tax years in question, but she has not raised any issue of fact as to her liability for her husband's taxes or the validity of the tax liens. When a tax liability is at issue in a summary judgment motion, a properly made assessment is considered presumptively valid. *In re Olshan*, 356 F.3d 1078, 1084 (9th Cir. 2004); *Oliver v. United States*, 921 F.2d 916, 919 (9th Cir.1990); *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir.1983). To rebut this presumption, taxpayers must provide some evidence showing that the liability is incorrect or was improperly assessed. *Id.* Goldberg-O'Reilly has provided neither.

Citing no statute or other authority, Goldberg-O'Reilly makes the naked argument, "The tax liens of the IRS have expired." Assuming that she is referring to the ten-year limitations period of 26

2

Case: 16-01019    Doc# 31    Filed: 09/20/16    Entered: 09/20/16 15:15:16    Page 2 of 3

U.S.C. §6502(a)(1), the IRS has established by undisputed evidence that the limitation period has not elapsed. The taxes were assessed in November of 2005, and this bankruptcy was filed in July of 2015, before the running of the limitations period. The filing of the bankruptcy tolled the limitations period pursuant to 26 U.S.C. §6503(h).

For the foregoing reasons, Goldberg-O'Reilly's opposition is overruled and the motions for summary judgment of Hoffman and the IRS will be granted so long as they agree on a form of judgment.

Dated: September 20, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge